# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| The Regional Medical Center of Orangeburg and Calhoun Counties,<br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Salem Services Group, LLC, and Westchester Fire Insurance Company,<br><br>　　　　　　　　　　Defendants.<br><br>Salem Services Group, LLC, and Westchester Fire Insurance Company,<br><br>　　　　　　　Third-Party Plaintiffs,<br><br>　　　v.<br><br>Skip Graham, 3G, LP, Grout Dawgs Restoration & Waterproofing, LLC and Troy Mikell<br><br>　　　　　　Third-Party Defendants. | Civil Action No. 5:19-cv-00287-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court on Third-Party Defendants Skip Graham and 3G, LP's (Third-Party Defendants) Motion to Set Aside Default (ECF No. 55). Third-Party Defendants summarily assert that good cause exists for lifting the entry of default against them. For the reasons set forth below, the court **DENIES** Third-Party Defendants' Motion to Set Aside Default as to Salem (ECF No. 55) and **DENIES AS MOOT** Third-Party-Defendants' Motion to Dismiss Salem's Third-Party Complaint (ECF No. 54) and Motion to Enlarge Time to Answer (ECF No. 56).

## I. FACTUAL AND PROCEDURAL HISTORY

This lawsuit arises out of the multi-phase window replacement project at the Regional Medical Center of Orangeburg and Calhoun Counties in Orangeburg, South Carolina. Plaintiff Regional Medical Center of Orangeburg and Calhoun Counties alleges that it entered into contracts with Defendants/Third-Party Plaintiffs Salem and Westchester Fire Insurance Company ("Westchester") for the replacement of approximately 676 windows at the aforementioned hospitals. Essentially, Plaintiff further alleges that "the windows replaced have suffered failures that have caused a significant amount of water intrusion to occur causing damages to interior components of the Hospital." (ECF No. 1.)

On January 4, 2019, Plaintiff filed suit against Salem and Westchester in state court. (ECF No. 1.) On January 31, 2019, Westchester removed this matter to federal court and Salem filed its Answer to the Plaintiff's Complaint on February 26, 2019. (ECF No. 1 at 3.) On March 12, 2019, Salem filed its Amended Answer and Third-Party Complaint against Skip Graham, Individually and 3G, LP as the subcontractors to Salem that installed the windows at the subject project. (ECF No. 17.) Third-Party Defendants Skip Graham, Individually and 3G, LP were served via personal service by the Sheriff's Office on March 27, 2019. (ECF Nos. 19, 21.) The proofs of service were filed with the Court on June 3, 2019. (ECF No. 39.) On August 22, 2020, nearly four-months after Third-Party Defendants failed to respond to the Third-Party Complaints, Third-Party Plaintiff Salem filed its Request for Entry of Default. (ECF No. 46.) On the same date, the clerk entered Default as to Third-Party Defendants. (ECF No. 47.) Exactly three-months later, on November 22, 2019, Third-Party Defendants filed their two-page Motion to Set Aside Default (ECF No. 55), but did not include any additional memorandum of law supporting its Motion. On December 5, 2019,

Salem timely filed a Response in Opposition to Third-Party Defendants' Motion to Set Aside. (ECF No. 61.) Third-Party Defendants' Motion to Set Aside (ECF No. 55) is now ripe for review.

## II. LEGAL STANDARD

A. <u>Motion to Set Aside Entry of Default</u>

Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown, the court may set aside an entry of default." When deciding whether to set aside an entry of default, a district court should consider: (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 416 (4th Cir.2010).

The United States Court of Appeals for the Fourth Circuit has repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *See e.g., Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir.1990) ("The law disfavors default judgments as a general matter.") However, as a minimum, a party moving to set aside default must proffer a meritorious defense and an explanation for delay. (*Id.*)

## III. DISCUSSION

<u>The Parties' Arguments</u>

Third-Party Defendants assert that the entry of default against them should be set aside because they can demonstrate good cause. In the Motion, Third-Party Defendants recite a conclusory list of reasons as to why default should be set aside. Specifically, Third-Party Defendants state:

> The basis of this motion is as follows: (1) there exists good cause to set aside the entry of default and/or default judgment in this case; (2) the default occurred due to mistake and/or excusable neglect; (3) this motion has been made within a reasonable time of the discovery of the default; (4) this Third-Party Defendants were improperly and/or insufficiently served; (5) this [*sic*] Third- Party Defendants were improperly placed into default without proper notice and without proper service; and/or, (6) this [*sic*] Third-Party Defendants have valid defenses to the Third-Party Plaintiffs' Third-Party Complaint.

(ECF No. 55 at 2.)

Salem opposes Third-Party Defendants' request to lift the default on the grounds that Third-Party Defendants have "failed to proffer *any* evidence which would permit a finding for Graham or 3G or would establish a valid counterclaim." (ECF No. 61 at 3.) (emphasis added). Salem also asserts that Third-Party Defendants Graham and 3G have "failed to prove that they have a meritorious defense" as required under the law, at minimum, to overcome default judgment. (*Id*.)

The Court's Review

As an initial procedural matter, the court observes that while Third-Party Defendants mentioned filing a Memorandum of Support in its Motion, Third-Party Defendants did not file any supporting brief to their Motion elaborating on the merits of its argument. (ECF No. 55 at 2.) *See* Local Civ. Rule 7.04.[1] Under this ground alone, the court should deny the motion. However, for thoroughness and clarity, the court will address the merits as well.

---

[1] Local Civ. Rule 7.04: Supporting Memoranda. All motions made other than in a hearing or trial or to compel discovery shall be timely filed with an accompanying supporting memorandum that shall be filed and made part of the public record. However, unless otherwise directed by the court, a supporting memorandum is not required if a full explanation of the motion as set forth in Local Civ. Rule 7.05 (D.S.C.) is contained within the motion and a memorandum would serve no useful purpose. Where appropriate, motions shall be accompanied by affidavits or other supporting documents. Here, where the issue is extremely fact dependent and where an explanation of delay is required, a memorandum would prove to be quite useful.

When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of less drastic sanctions. *See Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 953 (4th Cir. 1987). Here, Third-Party Defendants have failed to demonstrate any of the grounds for relief set forth under Rule 55(c). Although Third-Party Defendants claim they are entitled to relief under Rule 55, the court disagrees. Third-Party Defendants have not specified any facts or circumstances that would justify relief.

For example, in the court's view and based on the record, Third-Party Defendants have not acted with reasonable promptness. Whether a party has acted with reasonable promptness to set aside entry of default must be determined "in light of the facts and circumstances of each occasion…"*United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "[C]ourts routinely look at other courts' decisions to determine whether a delay is reasonable," and "[d]istrict courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside." *Burton v. TJX Cos., Inc.*, No. 3:07–CV–760, 2008 WL 1944033, at *3 (E.D.Va. May 1, 2008). Here, Third-Party Defendants have not shown that their Motion to Set Aside was timely filed. The Default was entered on August 22, 2019, but Third-Party Defendants did not move to set aside until nearly four months later, in November. This nearly four month period is greater than the seventeen, twenty-one, and thirty-two day periods found reasonable. *See e.g. Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (no abuse of discretion by trial court in refusing to set aside a default in action in which defendant waited almost two and one-half months before moving to set the same aside); *Compare JTH Tax, Inc. v.*

*Callahan*, No. 2:12CV691, 2013 WL 3035279, at *9 (E.D.Va. June 6, 2013) (holding that defendant acted with reasonable promptness in filing a motion to set aside default sixteen days after default was entered). Additionally, Third-Party Defendants have presented no evidence in their Motion regarding a meritorious defense. Indeed, Third-Party Defendants have proffered no evidence at all, instead relying on a purely legal argument outlining the elements under Rule 55(c).

## IV. CONCLUSION

Third Party Defendants Skip Graham and 3G, LP have failed to (1) articulate a meritorious defense, (2) articulate an explanation for the unreasonable delay, and (3) have not shown why they are not personally responsible for the delay. Although there is no evidence that Third-Party Defendants have any history of dilatory action and although there are lesser sanctions which may be available, these factors were not argued and do not outweigh the aforementioned factors. Accordingly, the court **DENIES** Third-Party Defendants' Motion to Set Aside Default as to Third-Party Plaintiff Salem (ECF No. 55) and **DENIES AS MOOT** Third-Party-Defendants' Motion to Dismiss Salem's Third-Party Complaint (ECF No. 54) and Motion to Enlarge Time to Answer (ECF No. 56).

*J. Michelle Childs*

United States District Judge

April 23, 2020
Columbia, South Carolina