# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISION

| | |
|---|---|
| THE REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| SALEM SERVICES, GROUP, LLC AND WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) ) ) |
| and | ) ) ) |
| SALEM SERVICES GROUP, LLC AND WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) ) ) |
| Third-Party Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| SKIP GRAHAM, INDIVIDUALLY; 3G, LP; GROUT DAWGS RESTORATION & WATERPROOFING, LLC; AND TROY MIKELL, INDIVIDUALLY, | ) ) ) ) ) ) |
| Third-Party Defendants. | |

Civil Action No. 5:19-cv-00287-JMC

**ORDER**

1

The matter before the court is Third Party Defendants Skip Graham, individually, and 3G, LP's ("Defendants") Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e), filed on April 29, 2020. (ECF No. 95.) In the Motion, Defendants request this court to reconsider its April 23, 2020 Order (ECF No. 93), which denied Defendants' Motion to Set Aside an Entry of Default (ECF No. 55) and denied, as moot, Defendants' Motions to Dismiss and Enlarge Time to Answer (ECF No. 54).

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994).

In the Order, the court held that Defendants failed to (1) articulate a meritorious defense, (2) articulate an explanation for the unreasonable delay, and (3) have not shown why they are not personally responsible for the delay of the Motion to Set Aside the Default.[1]

In the Reconsideration Motion, Defendants argue that default judgment against 3G was unwarranted because "3G...was [not] properly served with Salem's Third-Party Complaint, and without proper service, the entry of a default cannot occur." (ECF No. 95 at 6.) Defendants further assert that the court never ruled on whether Defendants were properly served. First, Defendants are incorrect that the court did not determine that service was proper. The court's April 23, 2020 Order, citing to the uncontested Acceptances of Service in the record (ECF Nos. 36-40),

---

[1] Interestingly, in the Motion to Set Aside, Defendants stated "[i]f the Court is inclined to decide that service on 3G, LP was proper, the undersigned would request additional time to brief the issues remaining as to the Motions to Set Aside Default and to Enlarge Time to Answer." (ECF No. 68 at 4-5.) The court denies Defendants' conditional request to provide additional time to brief issues as to the Motions to Set Aside.

2

determined that "Third-Party Defendants Skip Graham, Individually and 3G, LP were served via personal service by the Sherriff's Office on March 27, 2019." (ECF No. 93 at 2.). In other words, the court denied Defendants' Motion to Set Aside and, in deciding, determined that service was proper. However, for clarity, the court will further explain its determination.

Defendants do not deny that Skip Graham, in his individual capacity, was properly served. Further, Defendants do not contest that Skip Graham accepted service on behalf of 3G, LP, (ECF No. 37), but instead argue that service upon him was improper because he was not 3G, LP's authorized agent. Defendants' argument is unavailing. Here, Plaintiffs had several options for properly serving 3G, LP. As the entity is a limited partnership, FRCP 4(h)(1)(A) applies. Rule 4(h) of the *Federal Rules of Civil Procedure*, states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a **domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit** under a common name, must be served:
> (1) In a judicial district of the United States:
>     (A) **in the manner prescribed by Rule 4(e)(1) for serving an individual**; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so required – by also mailing a copy of each to the defendant; …"

While Defendants are correct that Renee Graham, 207 Claude Bundrick, Blythewood, SC 29016 is listed as the registered agent for service of process with the South Carolina Secretary of State, she is not the only individual in the universe who is able to accept service on behalf of 3G, LP. *See* Fed. R. Civ. P 4(e); *see also* South Carolina R. Civ. P. 4(d)(1).

Federal Rule 4(e)(1) provides that:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is.

3

Turning to applicable South Carolina Law, South Carolina Rules of Civil Procedure (d)(1) is the state law for serving a summons upon an individual that provides that service upon an individual, other than a minor or incompetent person shall be made:

> by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process.

On March 27, 2019, the Richland County Sheriff's Office served Third Party Defendant 3G, LP with the above referenced documents by leaving a copy of same with Skip Graham, Renee Graham's husband, at their dwelling house or usual place of abode. Skip Graham is a person of suitable age and discretion then residing therein. Accordingly, Plaintiff complied with the Federal Rules of Civil Procedure and service was perfected upon 3G, LP in this matter on March 27, 2019.[2]

Defendants have failed to establish any of the grounds for a grant of reconsideration. Therefore, the motion is inapplicable in this matter because it does not present an intervening change in controlling law, does not proffer new evidence that was unavailable at trial, nor sufficiently demonstrates that there has been a clear error of law or a manifest injustice. *See Robinson*, 599 F.3d at 407. Therefore, the court **DENIES** Third Party Defendants Skip Graham, individually, and 3G, LP's Motion for Reconsideration (ECF No. 95).

---

[2] Additionally, akin to service under S.C. R. Civ. P. 4 (d)(1) is FRCP 4(e)(2). *See e.g. Wood v. Hampton-Porter Inv. Bankers*, No. C-02-5367 MMC, 2004 WL 546888, at *2 (N.D. Cal. Mar. 11, 2004) ("One of the proofs of service indicates that a registered process server served [the corporation] by serving Gregory D. Walker ("Walker"), as President of [the corporation], on January 23, 2004. Specifically, the process server states under oath that he delivered a copy of the summons and petition to Walker's home and left the documents with "Charity Biddel–Walker—Spouse/Resident."' Such service on Walker was effective, pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure. As noted above, [the corporation] could be served by serving one of its officers. *See* Fed.R.Civ.P. 4(h). As Walker was served [through his spouse and resident], the court finds that the [corporation] was also served.")

**IT IS SO ORDERED.**

United States District Judge,

June 2, 2020
Columbia, South Carolina

5